**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

HENRY SASSER,                              :
                                           :
                    Plaintiff             :
                                           :
VS.                                        :
                                           :
MSP Warden ALEXIS CHASE; MSP              :
Dep. Wardens JOHN PERRY, REGENIA          :
WOMBLE, and EUGENIA HARRISON;             :
MSP Health Service Administrator           :        NO. 5:07-CV-399 (CAR)
CALVIN RAMSEY; MSP Medical Director :
DR. EDWARD BURNSIDE; JSP Warden           :
ANTHONY WASHINGTON; JSP Deputy            :
Wardens RONNIE LAWRENCE, STAN             :        **ORDER & RECOMMENDATION**
SHEPARD, and BRENDA GARNTO;               :
JSP Health Care Administrator GAIL        :
POWELL; JSP Medical Director MARY         :
ALSTON; JSP Nurse BROOME; JSP             :
Officer ANDREWS; ASMP Warden              :
VICTOR WALKER; ASMP Dep. Warden           :
DENNIS BROWN; ASMP Medical Director:
B. NICHOLS, and ASMP Doctors              :
ENENDU and REDDICK;                        :
                                           :
                    Defendants            :
_____

        Plaintiff **HENRY ALLEN SASSER** has filed a *pro se* complaint under 42 U.S.C. § 1983.

He also asserts claims under the Americans with Disabilities and the Rehabilitation Acts. He has

paid the initial partial filing fee of $33.00 as previously ordered by this Court. The unpaid balance

of plaintiff's filing fee is $317.00, which plaintiff is obligated to pay in monthly payments as

described later in this order and recommendation.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."  *Neitzke*, 490 U.S. at 327 (quoting *Hishon* v. *King & Spalding*, 467 U.S. 69, 73 (1984)).

## II. BACKGROUND

Plaintiff, a wheelchair-bound paraplegic, is currently an inmate at Men's State Prison ("MSP").  Plaintiff suffers from a number of medical conditions and states that he has failed to receive proper care at MSP, as well as at Johnson State Prison ("JSP") and Augusta State Medical Prison ("ASMP"), where he was previously confined.  In this action, plaintiff has sued numerous defendants at each of these facilities as well as officials in the Georgia Department of Corrections ("GDOC").  Plaintiff seeks damages and injunctive relief.

### III. DISCUSSION

#### A. FACTS

##### 1. JSP

Plaintiff complains that JSP, where he was confined from December 14, 2005 to March 22, 2006, is "not designed for disabled inmates."  Plaintiff alleges that he could not enter common buildings and spaces, and that showers and toilets are not handicapped-accessible.  According to plaintiff, he suffered injuries from falling off toilets and beds, neither of which was equipped with rails.  Plaintiff further alleges that he suffered an abscess that caused a fever and ultimately became a hole that went to the bone.  Plaintiff names the following JSP defendants:  (1) Warden Anthony Washington, (2) Deputy Warden Ronnie Lawrence, (3) Medical Director Mary Alston, (4) Deputy Warden Stan Shepard, (5) Deputy Warden Brenda Garnto, (6) Health Care Administrator Gail Powell, (7) Nurse Broome, and (8) Officer Andrews.

##### 2. ASMP

Plaintiff complains that he received surgery at ASMP where he was confined from March 22, 2006 to December 14, 2006.  Plaintiff alleges that he suffered an infection due to the failure of his surgeon to order antibiotics.  Plaintiff further alleges that he was denied blood thinning medication and had to perform his "bowel program" in bed because there were no toilet seats.  Lastly, plaintiff alleges that he was denied diapers,  an appropriate supply of catheters, and physical therapy.  Plaintiff names the follwing ASMP defendants: (1) Warden Victor Walker; (2) Deputy Warden Dennis Brown, (3) Medical Director B. Nichols, (4) Dr. Reddick, and (5) Dr. Enendu.

### 3. MSP

As mentioned above, plaintiff is presently confined at MSP.  He complains that he suffers from frequent urinary and kidney infections due to not being provided with sterile urine catheters on a regular basis; from constant pain due to having two steel rods in his back and being denied all pain medication; and from bed sores as a result of being confined to a state-issued wheelchair all the time and not being prescribed an air mattress.  Plaintiff alleges that his legs continue to atrophy due to the lack of physical therapy.  For unknown reasons, officials at MSP have placed plaintiff on a diet under which he is served peanut butter every day.  As a result, plaintiff alleges he has lost 30 pounds.  Lastly, plaintiff complains that MSP officials have refused to replace the tires on his personal wheelchair and make other minor repairs.  Consequently, plaintiff is forced to use a state-issued wheelchair that has not been designed or properly fitted for his body.  On December 9, 2007, plaintiff  developed a small pressure sore, which he predicted would happen if he was forced to use an ill-fitted wheelchair.  Plaintiff names the following MSP defendants: (1) Warden Alexis Chase; (2) Deputy Warden John Perry; (3) Deputy Warden Regenia Womble; (4) Deputy Warden Eugenia Harrison; (5) Health Services Administrator Calvin Ramsey; and (6) Medical Director Dr. Edward Burnside.

### 4. GDOC Defendants

Plaintiff names three GDOC defendants: (1) Commissioner James Donald, (2) Calvin Brown, Classification, and (3) John Iron, Classification.  Plaintiff alleges that James Donald, as Commissioner of the GDOC, was aware that the above facilities failed to provide adequate care for wheelchair-bound inmates, but failed to take any corrective action.  Plaintiff makes no mention of GDOC employees Brown or Iron in the body of his complaint.

### B. ANALYSIS

#### 1. JSP and ASMP

Plaintiff Sasser's complaint sets forth claims arising out of alleged unlawful conditions and medical treatment at three different prisons. Joinder of multiple defendants in a single action is appropriate only if the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). As stated by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).

Although plaintiff alleges similar legal claims, they involve different defendants, different time frames, and different prisons. The conditions and defendants' conduct at the various prisons appear to be wholly independent of each other and, thus, do not involve the "same transaction or occurrence." Accordingly, it is not proper to join the defendants at the various prisons in a single action.

JSP and ASMP are located, and the related defendants are employed, in the **Southern District of Georgia**. Whether or not venue in this Court over the JSP and ASMP defendants is proper, this Court may, in the interests of justice, transfer plaintiff's claims against these defendants to the Southern District. 28 U.S.C. §§ 1404(a), 1406(a). Because plaintiff might face a statute of limitations issue should he be required to re-file his claims against the JSP defendants in the proper venue, the Court finds that **transfer** of plaintiff's claims arising in JSP and ASMP would be in the interest of justice. Accordingly, plaintiff's claims against the JSP and ASMP defendants are hereby **TRANSFERRED** to the United States District Court for the Southern District of Georgia for further consideration.

Because plaintiff's claims against Donald ultimately relate to the claims arising at each of the various facilities, those relating to JSP and ASMP are likewise **TRANSFERRED** to the United States District Court for the Southern District of Georgia.

### 2. MSP

It is by no means clear that plaintiff will ultimately prevail on the merits on his claims against the MSP defendants. Considering plaintiff's allegations in their totality and construing the complaint liberally in favor of the plaintiff, however, this Court concludes that plaintiff has made sufficient allegations to withstand the frivolity review. Accordingly, service is hereby ordered upon (1) Warden Alexis Chase; (2) Deputy Warden John Perry; (3) Deputy Warden Regenia Womble; (4) Deputy Warden Eugenia Harrison; (5) Health Services Administrator Calvin Ramsey; and (6) Medical Director Dr. Edward Burnside.

Likewise, plaintiff's claims against Commissioner James Donald relating to MSP shall be allowed to go forward.

### 3. Remaining GDOC defendants

It is unclear why plaintiff names as defendants Calvin Brown and John Iron, as he asserts no allegations against them to show how they were involved in his claims. The complaint against Brown and Iron should therefore be **DISMISSED**. It is so **RECOMMENDED**. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned WITHIN TEN (10) DAYS after being served with a copy of this order.

*IV. SUMMARY*

For the foregoing reasons, (1) plaintiff's claims against the JSP and ASMP defendants are hereby **TRANSFERRED** to the United States District Court for the Southern District of Georgia; (2) plaintiff's claims against Commissioner James Donald that relate to JSP and ASMP are likewise **TRANSFERRED** to the United States District Court for the Southern District of Georgia; (3) plaintiff's claims against Calvin Brown and John Iron are **RECOMMENDED** dismissed; and (4) plaintiff's claims relating to MSP against the MSP defendants and Commissioner James Donald are allowed to proceed.

## SERVICE

Accordingly, it is HEREBY ORDERED AND DIRECTED that service be made as provided by law upon Warden Alexis Chase, Deputy Warden John Perry, Deputy Warden Regenia Womble, Deputy Warden Eugenia Harrison, Health Services Administrator Calvin Ramsey, Medical Director Dr. Edward Burnside, and Commissioner James Donald, and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. § 1915, and the *Prison Litigation Reform Act*.

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

☞ <span style="font-variant: small-caps;">**Duty to Prosecute Action**</span>

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the <span style="font-variant: small-caps;">Federal Rules of Civil Procedure</span> for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## <span style="font-variant: small-caps;">Filing and Service of Motions, Pleadings, Discovery and Correspondence</span>

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

## <span style="font-variant: small-caps;">Discovery</span>

PLAINTIFF SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANTS FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF. THE DEFENDANTS SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the <span style="font-variant: small-caps;">Federal Rules of Civil Procedure</span>. The deposition of the plaintiff, a state prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. <u>No party shall be required to respond to any such requests which exceed these limitations</u>.

<u>**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**</u>

Dismissal of this action or requests for judgment will <u>not</u> be considered by the court absent the filing of a <u>**SEPARATE MOTION**</u> therefor accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

## ELECTION TO PROCEED BEFORE THE
## UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all <u>pretrial</u> matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and <u>all</u> proceedings in a jury or nonjury civil matter <u>and</u> to order the entry of judgment in a case upon the <u>written</u> <u>consent</u> of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞ After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented. Upon <u>receipt</u> of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS. Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients. However, counsel <u>must</u> specify on the **ELECTION FORMS** on whose behalf the form is executed.

**SO ORDERED AND RECOMMENDED**, this 22nd day of JANUARY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

## ADDENDUM TO ORDER

# NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT.

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL NOT BE FILED WITH THE CLERK OF COURT. NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.

DO NOT FILE ANY DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.