IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

HENRY ALLEN SASSER,

                  Plaintiff

VS.

GEORGIA DEPT. OF CORR., *et al.*,

                  Defendant**s**

NO. 5:07-CV-399 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# RECOMMENDATION

Pending before the court is defendants DONALD, PERRY, WOMBLE, HARRISON, RAMSEY, JOSEPH, CHASE, AND GEORGIA DEPARTMENT OF CORRECTIONS' motion seeking dismissal. (hereinafter "motion one") Tab #23. Motion one contends that the plaintiff Sasser failed to exhaust the administrative remedies available to him before filing this federal suit, and where certain claims were properly exhausted, plaintiff failed to state a constitutional claim. Plaintiff Sasser has responded to motion one. Tab #25. Defendants have replied to plaintiff's response. Tab #27.

Also before the court is defendants IRON AND BROWN'S motion seeking dismissal.[1] (Hereinafter "motion two"). Tab #34. Motion two contends that the plaintiff failed to exhaust his administrative remedies, that plaintiff failed to state a claim for vicarious liability, and that these defendants are not subject to liability under the Americans with Disabilities Act (hereinafter, "ADA") and the Rehabilitation Act (hereinafter, "RA") . Plaintiff Sasser has responded to motion two. Tab #36. Defendants have replied to plaintiff's response. Tab #37.

---

[1]The undersigned had originally recommended that defendants Iron and Brown be dismissed from this action, however, the district court rejected this recommendation after motion one was filed.

## LEGAL STANDARDS

### FAILURE TO STATE A CLAIM

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that before an incarcerated plaintiff can bring any action under Section 1983, he must exhaust all of the available administrative remedies available to him. 42 U.S.C. §1997e(a). The Eleventh Circuit has also made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

## FACTUAL BACKGROUND

On October 22, 2007, plaintiff Sasser filed the instant COMPLAINT against defendants pursuant to 42 U.S.C. § 1983, the ADA and the RA alleging that defendants have denied him pain and blood thinner medication and refused to repair his personal wheelchair; that his state-issued wheelchair does not fit him; that Dr. Burnside misdiagnosed his urinary tract infection; that the showers and toilets at the prison are not adequate for the handicapped; that adequate physical therapy is not provided; that appropriate transportation for the handicapped to be transferred to Augusta State Medical Prison is not provided; that he has bed sores from being confined to his wheelchair; that he has not been provided a proper air mattress; that proper medical devices are not provided for catheterization; that he has been denied a neurology evaluation; that there is insufficient personnel to assist disabled inmates; that his legal material is being withheld; that his mail is being delayed and tampered with; that he is being made to eat a poor diet; that he has been denied spinal surgery; and, that he is being denied leg braces and special shoes. He asserts that these allegations constitute violations of his First, Eighth and Fourteenth Amendment rights and his rights under the ADA and the RA. Tab #1.

Plaintiff Sasser's COMPLAINT also contains numerous allegations arising from incidents which took place while plaintiff was confined at Johnson State Prison and Augusta State Medical Prison. The undersigned recommended that those claims be transferred to the Southern District of Georgia and that the defendants at those facilities complained about be terminated from this action. Tab #11. Therein, the undersigned also ordered service upon defendants Perry, Donald, Womble, Harrison, Burnside, Ramsey, and Chase.

Upon review of the undersigned's RECOMMENDATION, and the plaintiff's objection thereto, the district court adopted the undersigned's recommendation to transfer those claims which arose at Johnson State Prison and Augusta State Medical Prison. Tab #29. Interpreting the plaintiff's objection as a Motion to Amend, the district court rejected the undersigned's recommendation to dismiss defendants Iron and Brown, allowed plaintiff to add to his claims against John Iron and Calvin Brown, and ordered service thereon.

After the initial group of defendants was served, but before defendants Iron and Brown were served, the defendants filed motion one. After defendants Iron and Brown were served, they filed motion two (Tab #34) which, in effect, supplemented the initial defendants' earlier arguments to include Iron and Brown. Plaintiff was directed by the undersigned and did file a response thereto. Tab #36 and Tab #38.

## DISCUSSION

In support of motion one, defendants contend that plaintiff Sasser has only exhausted *three* of the above-enumerated issues. These issues include his allegations that defendant Burnside refused to give him pain medication, that defendant Burnside did not diagnose plaintiff's urinary tract infection, and that his medical supplies were taken from him. Defendants' averment about which issues plaintiff fully exhausted is supported by the affidavit of Chief Counselor Richard Grable, the individual responsible for maintaining inmates grievance records at Men's State Prison.

In his RESPONSE to motion one, plaintiff Sasser does not dispute the defendants' contention that he has only completed the grievance process on three issues. Instead, plaintiff refers to letters he has written to defendants Ramsey, Harrison, and Perry complaining about his personal wheelchair, the state issued wheelchair, and other related medical supplies and appliances. Such letters do not suffice to exhaust the three-step grievance process in place at Men's State Prison. Because the plaintiff did not properly complete the grievance procedure on all but the three aforementioned issues, plaintiff's admittedly unexhausted claims are not rightfully before this court and should therefore be **DISMISSED** pursuant to the PLRA's exhaustion requirement.

Of the three remaining issues to be considered, the first two involve only Dr. Burnside, and the third one involves one Nurse Ford. Nurse Ford is not a named defendant in this action. Nevertheless, plaintiff's grievance against Nurse Ford does purport to implicate defendant Ramsey through his supervisory role over Nurse Ford. While defendant Ramsey is mentioned in the grievance, plaintiff failed to allege any personal participation on the part of Ramsey regarding the deprivation of medical supplies claim, nor does plaintiff identify any specific act or omission by defendant Ramsey which could impute §1983 liability upon him. In view of the foregoing, coupled with the fact that claims based solely on a theory of *respondeat superior* are not actionable under §1983, plaintiff Sasser's claim against defendant Ramsey should be DISMISSED.

Plaintiff's remaining issues include his claims that defendant Burnside was deliberately indifferent to his serious medical needs when Burnside (a) did not diagnose plaintiff's urinary tract infection, and (b) refused to give plaintiff more pain medication.

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976). However, an inmate's course of treatment is "a classic example of a matter for medical judgment." *Estelle*, supra, at 107, 97 S.Ct. at 293.

At most, a mere allegation of improper or untimely treatment, without more, states a claim of medical malpractice cognizable under state law. *Id. See also Howell v. Evans*, 922 F.2d 712, 719 (11th Cir. 1991). Moreover, *Estelle* specifically states that the question of whether additional diagnostic techniques *or forms of treatment* are indicated are classic examples of matters for medical judgment and that medical malpractice does not become a constitutional violation merely because the patient is a prisoner. *Estelle*, supra, at 292-93.

Furthermore, in order to prevail in a §1983 case involving allegations of deliberate indifference to serious medical needs, a plaintiff must show more than mere negligence or error in judgment; there must be some purposeful or intentional denial of necessary medical treatment or at least the medical treatment that was given must be so grossly incompetent as to shock the conscience. *Mandel v. Doe*, 888 F.2d 783 (11th Cir. 1989); *Washington v. Dugger*, 860 F.2d 1018 (11th Cir. 1988); *Ancata v. Prison Health Services, Inc*., 769 F.2d 700, 703-04 (11th Cir. 1985). It appears to the undersigned that plaintiff's remaining claims against Burnside do not meet the aforementioned standard required to state a claim under §1983. As such, **IT IS RECOMMENDED** that these claims be **DISMISSED**. Consequently, and because the plaintiff has failed to state a claim upon which relief could be granted on the three issues upon which he properly exhausted his administrative remedies, his allegations which attempt to implicate defendants other than Burnside on the basis of supervisory liability also fail. This would include defendants Iron and Brown.

Plaintiff Sasser has also claimed violations of the Americans with Disabilities Act and the Rehabilitation Act.  In their motion, defendants argue that these claims should also be dismissed.  In support of this conclusion, defendants correctly point out that neither act provides for actions brought against defendants in their *individual* capacity.  Next, regarding the plaintiff's ADA claim against  defendant Georgia Department of Corrections, defendants argue that plaintiff's exhausted claims fail to allege discrimination based on disability and should therefore be dismissed.  With regard to plaintiff's RA claims, defendants contend that, since the plaintiff's exhausted claims are for denial of medical treatment, said claims are not actionable under the provisions of the RA.

Finally, in their REPLY IN SUPPORT OF THEIR PRE-ANSWER MOTION TO DISMISS (motion one), defendants note that plaintiff has made no attempt to refute their MOTION TO DISMISS as to these claims and that, as such, the claims have been abandoned.  The undersigned agrees both with defendants arguments and with the conclusion of abandonment and therefore **RECOMMENDS** that these claims be **DISMISSED**.

**IT IS THEREFORE RECOMMENDED** that defendants' MOTION TO DISMISS (motion one) be **GRANTED**.  As noted above, defendants Iron and Brown's MOTION TO DISMISS (motion two) is also pending before the court.  In view of the above conclusion that the plaintiff has failed to state a claim, there are no underlying claims for which defendants Iron or Brown could be liable.  Accordingly, **IT IS RECOMMENDED** that motion two be **GRANTED** and that the plaintiff's action be **DISMISSED.**

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 5th day of SEPTEMBER, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE